IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

| | |
|---|---|
| UMAR S. MUHAMMAD a/k/a JIMMY GREEN, | |
| Plaintiff, | |
| vs. | No. 07-1198-B/An |
| MELODY TURNER, et al., | |
| Defendants. | |

---

ORDER DENYING PLAINTIFF'S MOTION FOR A
TEMPORARY RESTRAINING ORDER
AND
ORDER DENYING A PRELIMINARY INJUNCTION

---

On February 28, 2008, Plaintiff Umar S. Muhammad a/k/a Jimmy Green, an inmate at the Whiteville Correctional Facility ("WCF"), filed a motion, pursuant to Fed. R. Civ. P. 65(b), seeking a temporary restraining order against Defendant, WCF Warden Stephen Dotson, and his staff. (Docket Entry ("D.E.") 93.) The proposed temporary restraining order would preclude Dotson and WCF staff "from depriving the plaintiff/movant from receiving indigent copies and requiring pre-payment for all copies." (Id. at 1.) Muhammad contends that a temporary restraining order is necessary to enable him to meet any and all deadlines in this action and in his case pending in the United States District Court for the Middle District

of Tennessee, Muhammad v. Little, et al., Civ. No. 1-07-0002-T (M.D. Tenn.). (Id.) Defendants filed a response in opposition to the motion on February 26, 2008. (D.E. 94.)

Although Plaintiff purports to bring this motion under Rule 65(b) of the Federal Rules of Civil Procedure, that provision is inapplicable because Defendants were provided notice of the motion. Moreover, Plaintiff did not, as promised, submit an application for a preliminary injunction. It appears, therefore, that Plaintiff's application is properly construed as an application for a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a).

The standard for the issuance of a preliminary injunction in the Sixth Circuit is as follows:

> When determining whether to issue a preliminary injunction, a district court must consider four factors: "(1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." . . . When considering these factors the district court should balance each factor against the others to arrive at its ultimate determination.

Marchwinski v. Howard, 309 F.3d 330, 332 (6th Cir. 2002) (citation omitted). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." Overstreet v. Lexington-Fayette Urban County Gov't, 305 F.3d 566,

573 (6th Cir. 2002); see also Leary v. Daeschner, 228 F.3d 729, 739 (6th Cir. 2000) ("the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion").

In this case, Muhammad's motion does not address the criteria for preliminary injunctive relief and, in particular, does not make a showing that would permit the Court to conclude there is a likelihood of success on the merits. Plaintiff's motion, and the accompanying factual affidavit, provide few details concerning the reason for the application. He asserts, without elaboration, that he has "upcoming legal deadlines" (D.E. 93 at 4), but he does not state what they are and he does not describe the nature of the copies he needs or the number of copies sufficient to satisfy his obligations. It is not clear whether the "copies" referred to are copies of legal research or of papers he intends to submit for filing in court. Plaintiff also has not specified the nature of the "upcoming legal deadlines" he faces, in either this case or the Middle District case, and has not described the research he needs to undertake or the papers he intends to file. The inmate also has not provided any details of his current financial condition and, in particular, his inability to pay for any needed copies from his inmate trust fund account.

In his response to Plaintiff's motion, Defendant Dotson has submitted an affidavit that provides, in pertinent part, as follows:

3. WCF Access to Courts policy 14-8 governs prisoners' access to courts, as well as the procedures for inmates to obtain photocopies of legal materials and documents. . . .

4. The procedure provides that an inmate must complete a photocopy request form, and that the cost of photocopies is twenty-five cents ($.25) per page.

5. The costs of photocopies are deducted from an inmate's trust account.

6. The procedure also provides a mechanism for indigent prisoners to obtain photocopies of legal materials and documents.

7. An indigent prisoner is defined in the Access to Courts policy 14-8 as a prisoner who has maintained a balance of normally at least six dollars ($6.00) or less in their account during each thirty (30) day pay period in accordance with TDOC policy #208.01.

8. When an inmate qualifies as indigent, the indigent inmate may receive a maximum amount of ten (10) photocopies from law books or documents, but the indigent inmate must complete and sign a personal withdrawal request form.

9. Personal withdrawal request forms are maintained by the WCF business office until sufficient funds are available in the inmate's trust fund to reimburse the charged photocopies.

10. The "charging" or credit provision is in accordance with TDOC policy #208.05, which provides that: "Any inmate with insufficient fund [sic] shall be allowed postage and court ordered copy charges for legal documents, but shall be required to complete a Personal Withdrawal Request to allow funds to be deducted from their trust fund account when the balance exceeds $0.00." . . . .

11. WCF's Access to Courts policy 14-8 does not, however, limit an indigent inmate to only ten (10) charged photocopies per thirty (30) day period. The policy provides that in instances when an indigent inmate needs more than ten (10) photocopies, approval may be sought from the warden.

12. As a result of incorrect interpretations of the Access to Courts policy 14-8 by some inmates, I issued a memorandum on January 24, 2008, to clarify the photocopying charges procedure. . . .[1]

13. The memorandum reinforces the requirement that non-indigent inmates, as defined as inmates who have maintained at least six dollars ($6.00) in their trust fund account in the previous thirty (30) days, must pay for their photocopies in advance through a trust fund withdrawal request.

14. The memorandum also restates that indigent inmates may receive ten (10) photocopied pages in a thirty (30) day period when a withdrawal form is completed and maintained by the business office.

15. The memorandum further states, in accordance with the Access to Courts policy 14-8, that an indigent inmate may receive more than ten (10) charged copies within a thirty day period, but only with my approval, or the assistant warden's approval.

16. <u>I have had no conversation with Inmate Jimmy Green a/k/a Umar Muhammad, TDOC #103136, concerning photocopies. He has also not sought approval from me for charged or credit photocopies in excess of ten (10) pages.</u>

17. <u>Inmate Jimmy Green a/k/a Umar Muhammad, TDOC #103136, is not considered to be an indigent prisoner as defined in the WCF Access to Courts policy 14-8 or TDOC policy #208.05 because he has maintained a balance of normally at least six dollars ($6.00) or more during the last thirty (30) day period.</u>

---

[1] The memorandum stated, in part, that "I had discovered that some individuals had misconstrued the policy to mean 10 pages in the morning, 10 pages in the evening, 10 pages of this document and 10 pages of that document, etc., day after day after day." (D.E. 92-2 at 17.)

18. <u>Attached as exhibit D to this Affidavit is a copy of Inmate Jimmy Green's a/k/a Umar Muhammad, TDOC #103136, trust fund account statement from the date of January 18, 2008 to the present. A review of this statement shows that on January 18, 2008, Inmate Green made a commissary purchase of $13.16. On February 7, 2008, he received a credit on his trust fund account of $20.00 as a result of receiving a postal money order from an outside source. On February 8, Inmate Green made a commissary purchase of $19.,20. On February 11, 2008, he made a postage purchase of $.41. On February 12, 2008, Inmate Green made a commissary purchase of $1.04. On February 13, 2008, Inmate Green received a credit to his trust account for the amount of $59.25 which represents his wages for his prison job. On February 15, 2008, Inmate Green spent $37.66 for commissary purchases, and also on that same date an additional commissary purchase of $11.55. Also on February 15, 2008, Inmate Green purchased postage in the amount of $1.64. Finally, On [sic] February 19, 2008, Inmate Green made another commissary purchase in the amount of $7.70.</u>

(D.E. 94-2 at 1-3 (emphasis added).) Plaintiff has not responded to the proof submitted by Defendants.

For the foregoing reasons, Muhammad has not established either that he is likely to succeed on the merits of any challenge to the WCF copying policy or that he is suffering any irreparable injury as a result of that policy.

Finally, Plaintiff's motion also is not accompanied by a proposed order, as required by Local Rule 7.2(a)(1)(A); <u>see also</u> Fed. R. Civ. P. 65(d)(1). Compliance with that rule is mandatory in order to put the parties on notice as to the persons subject to the order and the precise conduct that is to be prohibited.

Plaintiff's motion for a temporary restraining order is DENIED. To the extent his motion can be construed as seeking the issuance of a preliminary injunction, the application is DENIED.

IT IS SO ORDERED this 2nd day of June, 2008.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE